1. CERTIORARI (§ 46*)—MANDAMUS (§ 157*)— PROHIBITION (§ 22*) — APPLICATION FOR WRITS—NOTICE—DESIGNATION OF COURT.

Where a party to a cause intends to apply to an appellate court for writs of certiorari, etc., notice must be given to the judge and the opposing party that such application will be made to a designated court; and an application to another appellate court than the one designated is not covered by the notice.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 85–87, 116–120; Dec. Dig. § 46;* Mandamus, Cent. Dig. §§ 317–323, 371; Dec. Dig. § 157;* Prohibition, Cent. Dig. § 71; Dec. Dig. § 22.*]

2. CERTIORARI (§ 5*) — MANDAMUS (§ 4*) — PROHIBITION (§ 3*) — APPLICATION FOR WRITS—EXISTENCE OF OTHER REMEDY.

An application for writs of certiorari, prohibition, mandamus, etc., will be denied, where the party applying has the right of appeal.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 5, 6; Dec. Dig. § 5;* Mandamus, Cent. Dig. §§ 9–21, 24–34; Dec. Dig. § 4;* Prohibition, Cent. Dig. §§ 4–19; Dec. Dig. § 3.*]

Action by J. K. Saucier against F. M. Saucier. Judgment for plaintiff, and defendant applies for writs of certiorari, prohibition, and mandamus. Order granting application dismissed.

Herndon & Herndon, of Shreveport, for applicant. Scheen & Blanchard, of Shreveport, for J. K. Saucier. Respondent Judge, pro se.

SOMMERVILLE, J. [1, 2] The return of the district judge in this case, together with the minutes of court, show that this application was made without notice to the judge and the opposing party that such application would be made to this court; besides, the matters complained of might be reviewed by this court on appeal.

The order granting the application of relator is recalled, and the application is dismissed, at his cost.

---

(66 South. 317)

No. 20768.

FERGUSON v. GULF LUMBER CO. et al.

(Oct. 19, 1914.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—APPELLATE JURISDICTION— AMOUNT INVOLVED.

Where, in a suit for less than $2,000, a judgment for an amount exceeding $2,000 has been sequestered and released on a bond for less than $2,000, there is no fund to be distributed, and the amount in dispute is below the jurisdiction of this court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Action by P. L. Ferguson, Jr., against the Gulf Lumber Company and others. From judgment for plaintiff, defendant John M. Herger appeals. Appeal transferred to the Court of Appeals.

I. C. Boyd, of Leesville, for appellant. Stewart, Powell & Ferguson, of De Ridder, for appellee. S. I. Foster, of Shreveport, for defendant.

### On Motion to Dismiss.

O'NIELL, J. The plaintiff has moved to dismiss this appeal for want of jurisdiction ratione materiæ. He sued the Louisiana Land & Pecan Company and I. S. Foster for $800, alleged to be due for services rendered by the law firm of Foster & Ferguson, while he was a member thereof, in obtaining judgment for certain land and rents amounting to approximately $9,500 in favor of the Louisiana Land & Pecan Company and against the Gulf Lumber Company. Alleging that the lumber company was about to transfer the judgment for rents to John M. Herger, Ferguson obtained a writ of sequestration and caused the judgment to be seized thereunder by the sheriff. The lumber company immediately paid the amount of the judgment to the sheriff, and Herger had it released to him on a bond fixed by the district judge at $1,600.

Judgment was rendered in favor of plaintiff against Herger on confirmation of default, while the suit was pending on certain exceptions filed by the other defendants. The judgment appealed from is as follows:

" * * * It is therefore ordered, adjudged, and decreed that plaintiff, P. L. Ferguson, do have and recover judgment of the defendant John M. Herger, recognizing his lien and privilege on the eight hundred dollars ($800) sequestered in the above numbered and entitled cause, and the said writs of sequestration herein sued out are hereby sustained and rendered executory against the property seized thereunder. * * * "

From this judgment, John M. Herger asked for and obtained an order of appeal returnable to the Court of Appeals, First Circuit. Thereafter he filed a petition in the district court, alleging that he had made a mistake in having the appeal made returnable to the Court of Appeals, that "the matter in dispute or the fund to be distributed" exceeds $2,000, and he prayed for and obtained an order making the appeal returnable to this court.

### Opinion.

The amount in dispute is less than $2,000. Beyond the $800 sued for, there is no contest over the fund deposited with the sheriff. Since this fund exceeding $2,000 has been released on a bond of $1,600, which was deemed adequate, there is no fund to be distributed.

However, the appeal, being otherwise properly brought here, should not be dismissed, but should be transferred to the Court of Appeals. Act No. 56 of 1904, p. 135.

For the reasons assigned, it is ordered that this cause be transferred to the Court of Appeals, First Circuit, of Louisiana. The appellant is to pay the cost of this appeal.